UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TU NGUYEN, *et al*, § § Plaintiffs, § VS. § BANK OF AMERICA, N.A., § § Defendant. § § § § § § | CIVIL ACTION NO. 4:16-CV-1523 |

## ORDER AND OPINION

Before the Court is Defendant Bank of America's Motion to Vacate Default Judgment (Document No. 4). Plaintiffs have not filed a response. Having considered Defendant's Motion, the facts, and the applicable law, the Court concludes that Defendant's Motion should be granted.

Plaintiffs Tu Nguyen and Chau Ho Huynh (collectively "Plaintiffs") filed the current action on October 25, 2013 in the 333rd Judicial District Court of Harris County, Texas, Cause No. 219-04912-2014, in the matter styled *Tu Nguyen & Chau Ho Huynh v. Bank of America, N.A.* (the "State Court Action"). On November 15, 2013, a default judgment was entered in the State Court Action. (Document No. 1-1 at 149, Amended Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Claim). Defendant filed a Notice of Removal on May 31, 2016 (Document No. 1), and then filed the instant Motion to Vacate, arguing that service was never obtained, and therefore the default judgment should be set aside. (Document No. 4).

Rule 60(b)(4) authorizes the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if "the judgment is void." FED. R. CIV. P. 60(b)(4). A judgment is void if it was entered against a party that was never served with process, because the

1 / 2

court never obtained jurisdiction over the defendant: "When, however, a district court lacks jurisdiction over the defendant because of lack of service of process, the judgment is void and, under Rule 60(b)(4), the district court *must* set it aside, regardless of whether the movant has a meritorious defense." *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988) (citations omitted). Upon review of the record, the Court agrees with Defendant that there is no evidence that it was properly served, and therefore the default judgment entered against it is void.

For these reasons the Court hereby

ORDERS that Defendant's Motion to Vacate (Document No. 4) is GRANTED; the Amended Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Clam (the "Default Judgment") signed in this cause by the 333rd District Court of Harris County, Texas, on November 15, 2013 in Cause No. 2013-64663 is VACATED and SET ASIDE; a NEW TRIAL is hereby ordered in this cause; and Defendant shall have 20 days from the date of this Order to answer or otherwise respond to Plaintiffs' Complaint.

SIGNED at Houston, Texas, this 16th day of February, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE