United States District Court
Southern District of Texas
**ENTERED**
July 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TU NGUYEN, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-1523 |
| § | |
| BANK OF AMERICA, N.A., § | |
| § | |
| Defendant. § | |

## ORDER AND OPINION

Pending before the Court are two Motions to Dismiss filed by Defendant (Document Nos. 6, 14). Plaintiffs have not responded to either Motion. Having reviewed these filings, the facts, and the relevant law, the Court determines that Defendant's Motions will be granted.

Background

Plaintiffs Tu Nguyen and Chau Ho Huynh (collectively "Plaintiffs") filed the current action on October 25, 2013 in the 333rd Judicial District Court of Harris County, Texas, Cause No. 219-04912-2014, in the matter styled *Tu Nguyen & Chau Ho Huynh v. Bank of America, N.A.* (the "State Court Action"). Plaintiffs generally claim that Defendant's lien interest on their home is a fraudulent document which should not be accorded lien status. (Document No. 1-1 at 9). On November 15, 2013 a default judgment was entered in the State Court Action. (*See* Document No. 1-1 at 149, Amended Judicial Finding of Fact and Conclusion of Law, referred to herein as the "default judgment"). Defendant filed a Notice of Removal on May 31, 2016 (Document No. 1) and then filed a Motion to Vacate, arguing that service was never obtained, and therefore the default judgment should be set aside. (Document No. 4). This Court agreed that Defendant was never properly served and vacated the default judgment. (*See* Document No. 12). Defendant has now filed two Motions to Dismiss. (Document Nos. 6, 14).

Standard of Review

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 544.

Dismissal under Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings. *Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) (citation omitted). In ruling on such a motion "[t]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *Id*.

Discussion

Plaintiffs' petition in the current case is based upon a dispute Plaintiff has already

litigated against Defendant four separate times in the Southern District of Texas. (Document No. 14 at 1).[1] The cases were resolved as follows:

> 1) The first case (No. 4:12-cv-331) was filed by Nguyen against Defendant and involved the same lien. That case was resolved by agreement between the parties and dismissed. (Document Nos. 4, 5).
> 2) Nguyen then filed a second lawsuit asserting largely the same claims against Defendant. (No. 4:12-cv-1481). The Court dismissed the second case due to *res judicata*. (Document No. 9) (affirmed by *Nguyen v. Bank of Am., N.A.*, 516 Fed. Appx. 332 (5th Cir. 2013)).
> 3) Nguyen then filed a third case (4:12-cv-3158) which was based on the "same nucleus of facts." That case was dismissed due to *res judicata*. (Document No. 25) (affirmed by N*guyen v. Bank of Am., N.A.*, 539 Fed. Appx. 325 (5th Cir. 2013)).
> 4) Nguyen then filed a fourth case (4:14-cv-2058) to quiet title on the property, which was dismissed due to failure to state a claim. (Document No. 26).

Due to these prior cases, Defendant argues that Plaintiffs' case should be dismissed under the doctrine of *res judicata*. (Document No. 14 at 1).

"'Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine "'insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits.'" *Id.* (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)). To demonstrate that *res judicata* bars a later suit, a party must satisfy four conditions: (1) the parties are identical or in privity in the two actions; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits; and (4) the same claim or cause of action must be involved in both suits. *Id.* (citing *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)); *see also Matter of Swate*, 99 F.3d 1282, 1286 (5th Cir. 1996). Usually the Court determines if two suits involve the same claim or cause of action by applying the transactional test of the Restatement (Second) of

---

[1] Defendant's Motion to Dismiss (Document No. 14) includes copies of each order discussed. (*See* Exhibits A-D).

Judgments § 24. *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). That test focuses upon whether the two cases under review are based on "the same nucleus of operative facts." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). Thus it is the nucleus of operative facts, not the type of relief sought or substantive theories advanced or type of rights asserted, which defines the claim for purposes of res judicata. *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). If two actions share the same nucleus of operative facts, "the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Id*. (citations and internal quotations omitted).

Plaintiffs' claims are clearly barred by the doctrine of *res judicata*. Plaintiff Nguyen and Defendant Bank of America are the same parties which were involved in the previous cases. The additional Plaintiff here, Chau Ho Huynh, is a co-borrower and is Nguyen's wife. Therefore she is in privity with Nguyen. *See Cuauhtli v. Chase Home Fin. LLC*, 308 F. App'x 772, 773-74 (5th Cir. 2009). Furthermore, a court of competent jurisdiction entered a final judgment on the merits in the previous cases. Finally, all of the previous cases were based on "the same nucleus of operative facts," as all have involved the issue of Defendant's ability to enforce the same mortgage loan agreement. Thus Plaintiffs' claims are barred by the doctrine of *res judicata*.

Conclusion

For the reasons stated above the Court hereby

ORDERS that Defendant's Motions to Dismiss (Document Nos. 6, 14) are GRANTED and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

SIGNED at Houston, Texas, this 26th day of July, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE