UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TU NGUYEN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1523 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

Before the Court are Plaintiffs' Motion to Alter or Amend the Dismissal Order (Document No. 22) and Defendant's Response to Plaintiffs' Motion (Document No. 25). After considering the motion, response, and the applicable law, the Court concludes that Plaintiffs' motion is GRANTED. The Court's July 27, 2017 order and opinion (Document No. 21) is withdrawn and this opinion is substituted in its place. After further considering Defendant's Motions to Dismiss, the Court concludes that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 14) is DENIED. Further, the Court concludes that Defendant's Motion to Dismiss for Lack of Jurisdiction (Document No. 6) is GRANTED.

### FACTS

Plaintiffs Tu Nguyen and Chau Ho Huynh filed the current action in the 333rd Judicial District Court of Harris County, Texas, on October 25, 2013. Plaintiffs allege that Defendant Bank of America's lien on their home is fraudulent and should not be accorded lien status. After Defendant did not respond to Plaintiffs' pleadings in state court, the court issued a default judgment against Defendant. Defendant removed the case to this Court on May 31, 2016 and filed a motion to vacate the default judgment arguing that service was never obtained. Document No. 4. This Court agreed and vacated the default judgment. Document No. 12. Defendant then

filed two motions to dismiss. Document Nos. 6 & 14. Plaintiffs never responded to the motions to dismiss.

After reviewing the motions and the applicable law, the Court concluded that the motions should be granted and dismissed the case with prejudice. Document No. 21. In the Court's opinion, the Court found that the case was barred by res judicata. Document No. 21 at 4. Plaintiffs now file their motion to alter or amend the Court's order. Document No. 22.

**STANDARD OF REVIEW**

A motion for reconsideration "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydro Chem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, it merely serves to allow "a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). A motion for reconsideration may also be used to bring an intervening change in the controlling law to the court's attention. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). Nevertheless, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F. 3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

## DISCUSSION

### 1. Due Process

First, Plaintiffs argue that they were denied their due process rights because they did not receive notice of the motions to dismiss. Document No. 22 at 2–3. The Fifth Circuit, however, is clear in what is required to serve adequate notice under Federal Rule of Civil Procedure 5. "[S]ervice by mail 'is complete upon mailing.'" *Daniels v. JP Morgan Chase Bank*, 574 F. App'x 337, 338 (5th Cir. 2014) (per curiam) (quoting FED. R. CIV. P. 5(b)(2)(C)); *see also LaBlanche v. Ahmad*, 538 F. App'x 463, 464 (5th Cir. 2013) (per curiam) ("Under Federal Rule of Civil Procedure 5(b)(2)(C), a party properly serves a motion on its opponent by 'mailing it to the person's last known address—in which event service is complete upon mailing.'" (quoting FED. R. CIV. P. 5(b)(2)(C))); *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1168 n.5 (5th Cir. 1980) (noting that the Federal Rules provide "that service is complete upon mailing. Moreover, refusal to accept mail does not vitiate service"). The affidavit included with Plaintiffs' motion shows that the notice was mailed, which is all that is required under the Federal Rules. Therefore, Plaintiffs' due process argument fails.

### 2. Motions to Dismiss

Plaintiffs further argue that the Court's order dismissing the case should be amended because several of the federal court cases relied upon by the Court when determining that the case was barred by res judicata actually involved a different property than the one at issue here. Document No. 22 at 3–4. Defendant acknowledges that three of the federal court cases relied upon by this Court involve a different property and withdraws its arguments concerning those cases. Document No. 25 at 2. In light of this revelation, the Court withdraws its earlier opinion, and issues a new one. Further, because Defendant's Motion to Dismiss Pursuant to Federal Rule

of Civil Procedure 12(b)(6) (Document No. 14) rests solely on its arguments that the federal court cases bar review of the current case under res judicata, that motion must be denied.

Turning to Defendant's Motion to Dismiss for Lack of Jurisdiction (Document No. 6), Defendant argues that this case should be dismissed because the claims at issue here were decided by the state courts. Document No. 6 at 1. After this case was removed to this Court, Defendant filed a bill of review in the state court, asking the state court to review its decision to grant a default judgment. Document No. 10-1 at 3. The state court granted Defendant's bill of review and then granted its motion for summary judgment on the merits, vacating its earlier judicial finding that the lien was fraudulent and sanctioning Plaintiffs for fraudulently misleading the court. Document No. 6-1 at 2. Plaintiffs then appealed to the Court of Appeals for the First District of Texas. Document No. 10-1. The First Court of Appeals affirmed the state court's order.

"A federal court, asked to give res judicata effect to a state court judgment, must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Hernandez v. City of Lafayette*, 699 F.2d 734, 736 (5th Cir. 1983) (citing *ED Sys. Corp. v. Sw. Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982)). Because the state court action was rendered by a Texas state court, this Court applies Texas res judicata law. *See Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). "In Texas, '[r]es judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit.'" *Id.* (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)). The party advocating for res judicata must show "(1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of the parties or those in privity with them, and

(3) a second action based on the same claims as were raised or should have been raised in the first action." *Id.*

Here, the state court action was a review of the state court's decision underlying this action. After this case was removed from the state court to this Court, Defendant filed a bill of review in the state court to review its decision in the case that was removed.[1] As a result, the parties are identical and the state court's decision was a final judgment on the merits of the same issues raised here. Accordingly, res judicata applies and Plaintiffs' claims are barred.

### Conclusion

For the reasons stated above, the Court hereby

ORDERS that Plaintiffs' Motion to Alter or Amend the Dismissal Order (Document No. 22) is GRANTED. The Court further ORDERS that the Court's Order granting Defendant's Motions to Dismiss (Document No. 21) is WITHDRAWN. Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 14) is DENIED. Defendant's Motion to Dismiss for Lack of Jurisdiction (Document No. 6) is GRANTED. The case is DISMISSED with PREJUDICE to refiling.

SIGNED at Houston, Texas, this 4th day of January, 2018.

                                                MELINDA HARMON
                                       UNITED STATES DISTRICT JUDGE

---

[1] "A bill of review is a Texas-law equitable proceeding through which a party may seek relief from a judgment no longer challengeable by appeal or a motion for new trial." *Wuxi Taihu Tractor Co. v. York Grp., Inc.*, 460 F. App'x 357, 359 (5th Cir. 2012) (per curiam).